---

(19 App. Div. 599.)

PEOPLE ex rel. EDISON ELECTRIC ILLUMINATING CO. OF BROOKLYN v. BOARD OF ASSESSORS OF CITY OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. July 7, 1897.)

1. TAXATION—VALUE OF PATENT RIGHTS.
     The value of patent rights issued to an electric light company by the United States is not subject to state or local taxation.
2. SAME—FRANCHISE.
     The value of the franchise of an electric light corporation to lay mains in city streets, and to carry on business, is not subject to local taxation.

Appeal from special term.

Certiorari by the people, ex rel. Edison Electric Illuminating Company of Brooklyn, against the board of assessors of the city of Brooklyn. From an order vacating an assessment on the capital stock of the relator, defendant appeals. Affirmed.

Rollin A. Breckinridge, for appellant.
Frank Harvey Field, for respondent.

CULLEN, J. With one exception, the questions presented on this appeal are the same as those discussed by us in the case of People v. Board of Assessors of Brooklyn (decided at this term) 46 N. Y. Supp. 385, and it would not be profitable to add to that discussion. The relator, an electric light company, by its return to the board of assessors, and the evidence of its officers given before that board, showed that its capital stock was $3,750,000, all of which had been paid in in money, except the sum of $945,000, which was paid for patent rights. It also showed that its gross assets were of the value of $3,818,933.63. Those assets consisted, in part, of the following items: Paid for patent rights, $945,000; capital stock of other companies, at par, $500,000; franchise, $500,000. The total indebtedness of the company was $1,316,131.38. The value of the plant, consisting of the machinery at the works, the conductors and mains laid in the streets, lamps, motors, etc., was estimated at what the president of the company, a witness before the board of assessors, testified it would then cost to replace it. It appeared that the item of $500,000, value of franchise, was not carried at all on the books of the company, but was estimated solely for return to the assessors. The item $500,000 for stock of other incorporated companies represents the stock, at par, of the Citizens' Electric Light Company of Brooklyn, which had been purchased, and was then owned, by the relator. It further appeared that the actual amount paid for this stock was $850,000. The relator, for the past two years, had been paying annual dividends at the rate of 6 per cent. It was not claimed that the stock of the company was worth less than par. The appellants assessed the relator for personalty in the sum of $1,033,974. This result was reached by the following calculations:

| | |
|---|---|
| Capital stock (which, it was determined, was unimpaired) | $3,750,000 |
| Assessed value of real estate | $ 815,090 |
| Moneys invested in other corporations | 1,093,956 |
| Ten per cent. of the capital stock | 375,000 |
| Total deductions | 2,284,046 |
| Balance | $1,465,954 |

—Assessed at 70 per cent. of its value, $1,033,974. (There appears to be an error in this last computation, but it is not material in the result at which we arrive.)

On a review of the proceedings of the board of assessors by certiorari, an order was made by the special term wholly vacating the assessment. From that order this appeal is taken.

We think the order of the special term correct. It is true that the market value of the share stock of the relator was par or better. This

may have justified the conclusion that, in a certain sense, the stock of the relator was not impaired; but it did not justify, in the face of positive evidence to the contrary, the assumption that the capital stock, even if unimpaired, was represented by assets or property which, under the law of this state, are subject to local assessment. The exclusive privilege or franchise, under letters patent of the United States, acquired by the relator for the sum of $945,000, and carried by it at that value, was not subject to state or local taxation. People v. Neff, 15 App. Div. 13, 44 N. Y. Supp. 46. The value of the franchise of the relator, as an electric light company, to lay its mains in the city streets, and to carry on its business, was, under the authorities cited in the case of People v. Board of Assessors of Brooklyn, also exempt from local taxation. We see no force in the criticism that the stock of the Citizens' Electric Light Company, owned by the relator, is carried at $500,000, instead of its cost, at $850,000. This property is exempt from taxation, because the Citizens' Company is taxed on its own property; and it is wholly immaterial, for the purposes of assessing the relator, whether the stock be stated at one value or another. The disclosure of assets, made by the company, seems full and complete; and the testimony of the president that the value of those assets is stated at the cost of replacing the individual articles is in no way impeached or contradicted. On these facts, the relator was not subject to any assessment for personalty.

| | | |
|---|---|---|
| The value of that portion of its assets taxable under the law was | | $2,373,933 63 |
| From that is to be deducted the assessed valuation of the real estate of the company | $ 815,090 00 | |
| Moneys invested in other corporations | 500,000 00 | |
| Indebtedness | 1,316,231 38 | |
| Total | | 2,631,321 38 |
| Below assessment line | | $ 257,387 75 |

If it be urged, as discrediting this result, that the relator, with net assets, including patent rights, over liabilities, of $2,065,662.25, is able to pay 6 per cent. dividends on a capital of $3,750,000, and that capital sells at par, the answer is that it holds a franchise to lay and maintain in the city streets its mains, conductors, etc., and that, as to this asset, it has immunity from local taxation.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.